IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| VALERIE NOLES, | ) | |
| | ) | Civil Action No. |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| HARALSON CYPRESS LLC D/B/A | ) | |
| HARALSON NURSING AND | ) | |
| REHABILITATION CENTER, | ) | |
| | ) | |
| Defendant. | ) | |

_____

**COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff Valerie Noles (Plaintiff") and files this Complaint

against Defendant Haralson Cypress LLC d/b/a Haralson Nursing and

Rehabilitation Center ("Defendant" or "Haralson"), and shows the following:

## I.    Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress

the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages, along with attorney's fees and costs, for Defendant's failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq.* (hereinafter the "FLSA") during Plaintiff's employment with Defendant.

## II.   Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331.

4.

Defendant conducts business in this jurisdiction and is subject to specific jurisdiction over the claims asserted herein.  In addition, a substantial part of the acts and omissions that give rise to Plaintiff's claims occurred in this district. Accordingly, venue in this Court is proper pursuant to 28 U.S.C. §1367.

## III.   Parties and Facts

5.

Plaintiff is a United States citizen and subject to jurisdiction of this Court over the claims asserted herein.

6.

From on or about January 20, 2018 to on or about March 22, 2021, Plaintiff was employed by Defendant with the job title "scheduling coordinator".

7.

Plaintiff was an "employee" of Defendant, as that term has been defined by the FLSA.

8.

Throughout her employment with Defendant, Plaintiff's primary duty was the performance of non-exempt work, specifically discretion lacking tasks involved in scheduling at Defendant's nursing home.

9.

From January 2018 to approximately October 2019, Plaintiff was paid on a salary basis, without overtime compensation, calculated at one-and-one half times her regular rate, for hours she worked over 40 in workweeks. From approximately October 2019 to approximately January 2021, Plaintiff was paid on an hourly basis and continued to work substantial unpaid overtime hours as Plaintiff worked overtime hours off the clock with Defendant's actual or constructive knowledge. From approximately January 2021 to the end of her employment, Plaintiff was back to being paid on a salary basis, without overtime compensation, calculated at

one and one half times her regular rate, for hours she worked over 40 in workweeks.

## 10.

Defendant is an "employer" as that term has been defined by the FLSA, 29 U.S.C. §203(d).

## 11.

Throughout her employment within the three years preceding the filing of this Complaint (the relevant statutory period for Plaintiff's FLSA overtime claim), Plaintiff regularly worked an amount of time that was more than 40 hours in given workweeks and was not paid the overtime wage differential for hours she worked over 40 in workweeks.

## 12.

During Plaintiff's hourly paid employment period in the three preceding the filing of this Complaint, Plaintiff regularly worked hours over 40 in workweeks, without receiving overtime compensation for hours Plaintiff worked off the clock with Defendant's actual or constructive knowledge. Plaintiff had numerous direct conversations with her supervisors about the fact she was having to work overtime off the clock. For example, Plaintiff had numerous conversations with Michelle Chambers, Director of Nursing, in which Plaintiff advised that she was having to

work overtime hours off the clock, including telling Ms. Chambers that she was routinely working for free.

13.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year and Defendant's gross revenues exceeded $500,000 in 2018, 2019, 2020 and 2021.

14.

Defendant knew or had reason to know that Plaintiff regularly worked in excess of 40 hours in workweeks without overtime compensation.

15.

Defendant is governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

16.

Defendant failed to pay Plaintiff the overtime wage differential required by the FLSA, 29 U.S.C. §207 on occasions that Plaintiff worked over forty (40) hours in a workweek.

17.

During the period of Plaintiff's employment in which she was paid on a salary basis, Defendant misclassified Plaintiff as exempt from overtime.

## Count I

## Violations of the Fair Labor Standards Act.

18.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

19.

Defendant has violated the FLSA, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in given workweeks.

20.

Pursuant to the FLSA, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover unpaid overtime wages, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

21.

Defendant knew or showed reckless disregard for the fact its actions, policies, and/or omissions violated the FLSA.

22.

Defendant's violation of the FLSA was willful, thus entitling Plaintiff to a

three-year statute of limitations for her claims.

## IV.   Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided by 29 U.S.C. §216, and all other remedies allowed under the FLSA; and,

(C)   Grant declaratory judgment declaring that Plaintiff's rights have been violated and that Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA, and that Defendant's violations of the FLSA were willful; and

(D)   Permit Plaintiff to amend her Complaint to add state law claims if necessary;

(E)   Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted,

This 7th day of June, 2021.

**BARRETT & FARAHANY**

/s/ V. Severin Roberts
V. Severin Roberts
Georgia Bar No. 940504
Attorney for Plaintiff

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile
severin@justiceatwork.com